Ragan & Buffet *v.* Aiken.

RAGAN & BUFFET *v.* H. M. AIKEN.

SUPREME COURT PRACTICE. *Dismissal of injunction bill. Remand.* Upon
the dismissal of an injunction bill by decree of this court, the in-
junction bond being conditioned to pay such costs and damages as
the court may order, the defendant is entitled to a reference to ascer-
tain the damages, for which purpose the cause will be remanded to
the chancery court.

FROM HAWKINS.

Appeal from the Chancery Court at Rogersville. H.
C. SMITH, Ch.

SHIELDS & SHIELDS, KYLE & McDERMOTT and J.
B. HEISKELL for complainants.

W. P. GILLENWATERS and A. D. HUFFMASTER for
defendant.

COOPER, J., delivered the opinion of the court.

The bill in this case having been dismissed at this
term upon demurrer. the defendant moves the court for
judgment against the complainants, and their sureties,
on the injunction bond executed in accordance with the
fiat of the chancellor granting an injunction.

The bill prayed that an injunction issue to restrain
and inhibit the defendant "from charging on the goods
shipped to complainants any higher rate than 5¼ cents
per hundred pounds, and from discriminating in his
charges on freights transported over his road in favor
of other merchants and against complainants"

The chancellor directed the injunction to issue upon the complainants executing bond with good · security in the sum of one thousand dollars, conditioned as the law directs. The bond was given conditioned for the payment of all such costs and damages as may be awarded and recovered against the complainants in any suit or suits which may be hereafter brought for wrongfully suing out said injunction, and shall moreover abide by and perform such orders and decrees as the court may make in this cause, and pay such costs and damages as the court may order. The usual condition of the bond, when a judgment is not enjoined, is prescribed by the Code, sec. 4439, sub-sec. 2, "to pay costs and damages awarded by the chancery court in dismissing the bill." And this condition is substantially contained in the last clause of the condition of the bond as above. And by Code, sec. 4442, the damages may be ascertained by the court in which the cause is heard and bill dismissed, upon reference to the clerk and master, or upon an issue of fact made up and tried as other issues of fact.

The decree of this court is the decree which the chancery court should have made, and did actually make in this case, and is, within the meaning of the statute, the decree of that court. The defendant is entitled to his reference to ascertain the damages, and for this purpose the cause will be remanded to the chancery court for proceedings accordingly.